DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant, Vincent Ritchie, appeals, pro se, from the Lorain Court of Common Pleas' denial of his petition for postconviction relief. We affirm.
Defendant started to sexually abuse Brandy Kudela when Brandy was five years old. Defendant abused Brandy while she was a child and a teenager. On several occasions, Defendant fondled Brandy's breast, inserted his finger into Brandy's vagina, and made Brandy hold his penis. On one occasion, Defendant inserted his finger into Brandy's anus. After years of keeping these incidents to herself because of her fear of Defendant, Brandy told others what happened and reported this information to the police. As a result, Defendant was indicted by a Lorain County Grand Jury. Brandy was eighteen years old at the time of the trial.
After a two-day trial, a jury found Defendant guilty of two counts of Felonious Sexual Penetration, R.C. 2907.12(A); three counts of Gross Sexual Imposition, R.C. 2907.05(A)(4); and one count of Gross Sexual Imposition, R.C. 2907.05(A)(1). On August 14, 1995, the trial court sentenced Defendant to prison for thirteen to twenty-five years on each of the first two counts, one year on each of the next two counts, three to ten years on the fifth count, and three to five years on the sixth count, with the sentences running concurrently. Defendant directly appealed his conviction and sentence and had new counsel represent him on appeal. Defendant filed a pro se brief in addition to his new counsel's brief in his direct appeal. During the pendency of his direct appeal, Defendant filed his petition for postconviction relief on August 22, 1996. This court affirmed Defendant's conviction and sentence on April 2, 1997. See State v. Ritchie
(Apr. 2, 1997), Lorain App. No. 95CA006211, unreported.
The Lorain County Court of Common Pleas denied Defendant's petition for postconviction relief. Defendant timely appeals and raises three assignments of error.
 ASSIGNMENT OF ERROR I
[The] trial court abused discretion in denying the petition for postconviction relief without holding an evidentiary hearing in violation of [Defendant's] constitutional rights of due process of law guaranteed by the United States Constitution Amendments Five and Fourteen, and by the Ohio Constitution Article One, Sections Two and Sixteen.
 ASSIGNMENT OF ERROR II
The trial judge erroneously determined evidence dehors the record not exculpatory in nature and failed to understand how factual evidence was relevant without holding an evidentiary hearing in violation of [Defendant's] due process rights guaranteed by the United States Constitution Amendments Five and Fourteen and the Ohio Constitution Article One, Sections Two and Sixteen.
 ASSIGNMENT OF ERROR III
[The] trial judge while making evaluations based essential factual determinations on erroneous information concerning dates of incident reports in violation of [defendant's] due process rights under the United States Constitution Amendment Five and Fourteen and [the] Ohio Constitution Article One, Sections Two and Sixteen.
Because Defendant's three assignments of error refer to whether the trial court erred by denying Defendant's petition for postconviction relief, we will address them together. In addition to arguing that the trial court improperly denied his petition for postconviction relief, Defendant contends that the trial court erred by not granting him a hearing concerning the matter. We disagree.
R.C. 2953.21(A)(1) provides that postconviction relief is available to
 Any person who has been convicted of a criminal offense * * * who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief.
R.C. 2953.21(C) directs the trial court to determine whether the constitutional claims raise any "substantive grounds for relief" before granting a hearing. See State v. Jackson (1980), 64 Ohio St.2d 107,110. Furthermore, a petition for postconviction relief is subject to dismissal without a hearing when the record indicates that the petitioner is not entitled to relief. State v.Kapper (1983), 5 Ohio St.3d 36, 38.
"Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." State v. Szefcyk (1996),77 Ohio St.3d 93, syllabus, citing State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. Res judicata may be the basis for dismissing an ineffective assistance of trial counsel claim raised in a petition for postconviction relief.State v. Cole (1982), 2 Ohio St.3d 112, syllabus. A defendant can overcome the bar of res judicata through the submission of evidence dehors the record. State v. Combs (1994), 100 Ohio App.3d 90,97. In such an effort, a defendant must offer evidence demonstrating that he could not have advanced the claims on appeal based upon the information contained in the original trial record.Id. See, also, State v. Greer (Oct. 28, 1992), Summit App. No. 15217, unreported at 12-13.
In his direct appeal, Defendant's counsel asserted that the trial court erred because: (1) it allowed the prosecution to amend the indictment on three different occasions; (2) it improperly allowed a witness to testify regarding child sexual abuse accommodation syndrome; (3) it admitted testimony concerning other alleged bad acts; and (4) appellant was denied effective assistance of trial counsel. Defendant set forth additional arguments to support these assignments of error in his pro se
brief and also added that the trial court erred because: (5) he was denied an impartial trial by reason of improper conduct and comments by the prosecutor; and (6) the verdict was against the manifest weight of evidence. This court found that all of these assignments of error lacked merit. See State v. Ritchie (Apr. 2, 1997), Lorain App. No. 95CA006211, unreported.
In his petition for postconviction relief, Defendant argued the following: (1) he was denied effective assistance of trial counsel; (2) he was denied his constitutional rights because the prosecution did not disclose exculpatory, material evidence; and (3) he was denied his constitutional rights because the state presented false and inaccurate testimony. Based on what Defendant already asserted in his direct appeal and the fact that defendant was represented by new counsel on appeal, the doctrine of resjudicata appears to bar Defendant's postconviction arguments. We now turn to the evidence that Defendant has submitted with his petition for postconviction relief to decide whether Defendant has demonstrated that he could not have advanced his claims on appeal based upon the information contained in the trial record.
As support for his postconviction relief petition, Defendant submitted the following: (1) the affidavit of Jazella Dabbs (Defendant argues that this shows that the prosecution committed misconduct.); (2) the affidavits of James and Amelia Cox (Defendant asserts that these reveal that Defendant's trial counsel failed to contact and call particular witnesses.); (3)(a) the medical records of Brandy's mother, Kim, dating back to 1974, and (b) an Oberlin Police Incident Report dated December 1994, reporting alleged theft by Brandy's mother, Kim (Defendant contends that these demonstrate that Kim lacked credibility and fabricated trial testimony.); (4)(a) Kim's 1984 motion for change of custody, (b) a record showing that Defendant paid child support from 1983 to 1987, and (c) a July 1995 Subpoena for Bell Service Records (Defendant suggests that these prove that he was not able to commit the alleged acts when the prosecution said he did.); (5) Brandy's Personal Pupil Record dated 1986 (Defendant argues that this shows that Brandy was not a credible witness); (6) a statement of Amelia Cox that does not have a date and is not in affidavit form (Defendant asserts that this illustrates that his counsel was ineffective and that Kim and Brandy lied.); (7)(a) an August 1995 Civil Suit Case No. 95-CA-114750, and (b) a May 15, 1996 transcript of Kim's divorce hearing held on March 14, 1996 (Defendant suggests that these prove that Brandy and Kim wanted money and fabricated the charges.); (8) an April 11, 1996 Motion to Dismiss Civil Suit (Defendant contends that this reveals that Brandy and Kim fabricated the criminal charges and lacked credibility); and (9) Defendant's affidavit in support of postconviction of Vincent P. Ritchie (Defendant offers a self-serving affidavit to support his petition.).
Most of the evidence submitted by Defendant in support of his petition for postconviction relief was known and, or available to Defendant during his trial and appeal. In addition, none of the evidence submitted by the Defendant with his petition for postconviction relief demonstrates that Defendant could not have asserted his claims on direct appeal. Therefore, the trial court did not err by denying Defendant a hearing or by denying Defendant postconviction relief.
Defendant's three assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Lorain Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _______________________________ LYNN C. SLABY
FOR THE COURT
QUILLIN, J., J.
BAIRD, J. CONCUR.
APPEARANCES:
VINCENT P. RITCHIE, Pro Se, Appellant.
GREGORY WHITE, Prosecuting Attorney, and DONALD ROBINSON, Assistant Prosecuting Attorney, for Appellee.